IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | OPINION & ORDER |
| Plaintiff, | No. 3:00-cr-00438-HZ |
| | 3:00-cr-00506-HZ |
| v. | 3:00-cr-00507-HZ |
| | 3:00-cr-00517-HZ |
| MARTIN WILLSEY | 3:00-cr-00518-HZ |
| | 3:00-cr-00538-HZ |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Martin Willsey moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] This consolidated motion applies to six cases that were all resolved as part of a global plea resolution. The Government opposes Defendant's motion. Because Defendant has not established extraordinary and compelling reasons for his release and

---

[1] Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – OPINION & ORDER

a reduction in his sentence would undermine the sentencing factors under 18 U.S.C. § 3553(a), the Court denies Defendant's motion.

## BACKGROUND

On November 22, 2000, Defendant pleaded guilty to fifteen counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d) across six federal jurisdictions and one count of unlawful use of a firearm in violation 18 U.S.C. § 924(c). Plea Agr., ECF 7. This Court imposed a combined sentence of 380 months imprisonment for all charges followed by a five-year term of supervised release. J. & Commitment, ECF 9. Defendant has been in federal prison for more than twenty years and is currently incarcerated at the Federal Correctional Institute in Fort Dix, New Jersey. His projected release date is October 14, 2027. Gov't. Resp. 3, ECF 77.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant bases his motion for a sentence reduction on three asserted compelling and extraordinary circumstances. First, Defendant notes his underlying medical conditions: a seizure disorder and intermittent asthma. Defendant is understandably concerned about the risk of contracting COVID-19, a virus that easily spreads in crowded, confined spaces. However, Defendant's underlying medical diagnoses do not place him at higher risk of COVID-19 than other federal prisoners. Regarding his seizure diagnosis, Defendant does not take any medication to prevent seizures, and his recent medical records note that his seizure disorder is in remission. Def. Ex. 3-3, ECF 75. Seizures are not associated with an increased risk of severe illness from

3 – OPINION & ORDER

COVID-19.[2] Defendant has intermittent asthma for which he only uses inhalers as needed. His asthma does not cause wheezing or affect his ability to exercise. The Centers for Disease Control and Prevention list moderate to severe (but not mild) asthma as a risk factor for severe COVID-19 illness.[3] Defendant does not claim that his asthma is moderate or severe, and his medical records do not indicate that the asthma diagnosis affects his daily life. Even with the ongoing COVID-19 pandemic, a diagnosis of intermittent asthma that is not described as "moderate" or "severe" does not provide medical justification for compassionate release. Thus, Defendant's underlying medical diagnoses do not constitute compelling reasons that would justify reducing his sentence.

Second, Defendant argues that because he was sentenced before the federal sentencing guidelines were made only advisory by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), his sentence should be reduced. Although Defendant cites several cases in which federal prisoners received sentence reductions after *Booker*, he offers no discrete reason why his sentence should be reduced. Specifically, Defendant offers no evidence that he would have been offered and accepted a plea that resulted in a shorter term of imprisonment had the sentencing guidelines not been mandatory at the time. Without additional justification, the Court has no reason to believe Defendant's sentence would be different post-*Booker*. Consequently, a change made sixteen years ago to how the sentencing guidelines are applied does not provide a compelling or extraordinary reason to grant Defendant compassionate release.

Third, Defendant claims that his rehabilitation during incarceration provides a compelling reason for reducing his sentence to time served. While in prison, Defendant has received his

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021).
[3] *Id.*

GED, completed the Bureau of Prisons Life Connections Program, and has completed several vocational courses. Def. Mot. 10-11, ECF 75. Although his steps towards rehabilitation are laudable, they do not represent an extraordinary circumstance that would justify compassionate release, particularly given the seriousness of his offenses.

Lastly, a sentence reduction would undermine the sentencing factors under 18 U.S.C. § 3553(a). The nature and circumstances of Defendant's underlying offenses are significant. Defendant pleaded guilty to fifteen separate counts of armed bank robbery. His imposed 380-month sentence is considerably shorter than the statutory maximum of 382 years. Gov't Resp. 9, ECF 77. The sentence imposed by this Court reflects the seriousness of the offenses, affords adequate deterrence, protects the public from further crimes by the defendant. *See* 18 U.S.C. § 3553(a)(2). Defendant has already received a nearly five-year reduction in his sentence from the Bureau of Prisons for good-time credit. Reducing Defendant's sentence further would undermine the sentencing factors under § 3553(a). As a result, the Court finds that a reduction in his sentence to time served is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [75].

IT IS SO ORDERED.

DATED: September 28, 2021.

_____
MARCO A. HERNÁNDEZ
United States District Judge